STEVEN TROLARD    Bar No. 192588
STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation
100 East Thousand Oaks Blvd., Suite 188
Thousand Oaks, Ca 91360
Phone: 805-495-8199
Fax: 805-495-8299
e-mail No.: steven@trolard.com

Attorney for Debtor, JUAN DIAZ ORTIZ

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 12 |
| | ) |
| JUAN DIAZ ORTIZ, | ) Case No.: 9:09-bk-11458-RR |
| | ) |
| Debtor, | ) **REBUTTAL TO OBJECTION TO** |
| | ) **DEBTOR'S FOURTH AMENDED** |
| | ) **CHAPTER 12 PLAN** |
| | ) |
| | ) Confirmation Hearing: December 17, 2009 |
| | ) Time:                            10:00 a.m. |
| | ) Courtroom:                  201 |
| | ) |

REBUTTAL BY DEBTOR, JUAN DIAZ ORTIZ, TO OBJECTION OF CREDITOR, SANTA BARBARA BANK & TRUST, TO CONFIRMATION OF DEBTOR'S PROPOSED FOURTH AMENDED CHAPTER 12 PLAN

TO THE HONORABLE, Robin Riblet, Judge:

The Creditor, Santa Barbara Bank & Trust, objects to the confirmation on three grounds:

1. The debtor improperly seeks to use SBB&T's cash collateral on the Third Trust Deed without SBB&T's or the Court's authorization;

1

2. Debtor fails to pay to SBB&T the total amount of the secured portion of its claim over the life of the Plan, citing 11 U.S.C. §1225(a)(5)(B); and

3. Debtor fails to provide for payments to creditors in an amount more than they would receive had the case been commenced under Chapter 7.

## REBUTTAL

### 1. CASH COLLATERAL

**On November 22, 2009, the debtor filed a motion for authorization to use the cash collateral and is seeking the Court's authorization to use the cash collateral.**

According to the Bank, each of the three liens has an Assignment of Rents in the deeds of trust. However, if the subject property was appraised at $1,150,000 and there are three deeds of trust totaling $1,373,712.62, then the third deed is wholly unsecured and the second deed is unsecured in the amount of $81,957.04. The opposition to the Fourth Amended Plan does not state why using the rental income to make the deed of trust payments on the first and second deeds of trust is improper. The debtor has filed an adversary complaint to avoid the third deed of trust. A motion to amend the complaint has been filed and the proposed amended complaint seeks to avoid the unsecured portion of the second deed of trust.

The legal authority for avoiding the third deed, and bifurcating the second into secured and unsecured is the case In re *Harmon v. U.S. Through Farmers Home Administration*, 101 F.3d 574 (C.A. 8 (S.D.), 1996). In *Harmon* the Court stated the case presented a question of first impression in the Courts of Appeals: whether Chapter 12 Bankruptcy Code permits a debtor to "strip down" an undersecured creditor's lien to the value of the collateral. The Court held that it does and

Main Document    Page 3 of 6

accordingly affirmed the judgment of the District Court. The Court stated that the plan may "modify the rights of holders of secured claims, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." The Court concluded that "allowed secured claim" in §1225(a)(5) must be interpreted by reference to the bifurcation of claims into secured claims and unsecured claims by §506(a). The creditor must retain the pre-bankruptcy lien only insofar as it secures repayment of the secured claim and not insofar as it secured the portion of the debt that has become, by operation of §506(a), un unsecured claim.

By using the cash collateral to tender back to Santa Barbara Bank & Trust in the form of mortgage payments on the first and second deeds of trust actually protects the bank's interest in the cash collateral. Their argument is that their third deed of trust, as well as the other two, has the Assignment of Rents. But if the third is avoided then the cash collateral will be used to pay towards the first and second deed of trust payments and the Assignment of Rents in the third does not pose interference and is moot.

### 2.    Bank claims the debtor is required to pay the secured amount of the creditor's claim over the life of the Plan

Bank alleges that §1225(a)(5)(B) requires the Chapter 12 Plan to pay the secured amount of a creditor's claim over the life of the Plan. However, §1225(a) states the court shall confirm a plan if: (5) with respect to each allowed secured claim provided for by the plan (B) the plan provides that the holder of such claim retain the lien securing such claim. The allegation in section III, on page 4 of the Opposition does not appear to match the language of the statute.

Furthermore, 11 U.S.C. §1222 gives the debtor great flexibility in restructuring the debts. 1222(b)(2) gives the debtor the right to modify the rights of holders of secured and unsecured claims. Section 1222(b)(9) provides for payment of allowed secured claims over a

period exceeding the period permitted under section 1222(c). The first deed of trust and the secured portion of the second remain secured by the real property and therefore the Plan does not violate §1225(a)(5)(B).

### 3. Bank states they are entitled to more that they would receive in a chapter 7 case

The Bank's third objection is that the plan must provide for repayment to Santa Barbara Bank & Trust in an amount more than they would receive under Chapter 7; and that a liquidation of the equipment and real property would clearly provide for a greater distribution to SBB&T than under this plan. However, §1225(a)(4) actually refers to allowed unsecured claims; and does not require that the creditors receive more than if liquidated under chapter 7. It is not clear from the opposition papers how Santa Barbara Bank & Trust would receive more in a chapter 7 case when the third deed of trust is wholly unsecured, and the second deed of trust is unsecured in the amount of $81,957.04.

### IN CONCLUSION

Under the proposed, fourth amended chapter 12 plan, SBB&T retains the first, and the secured portion of the second, deeds of trust securing their claim. 11 U.S.C. §1222 grants the debtor the right to modify the rights of secured and unsecured creditors; and pursuant to case law, the second deed of trust can be bifurcated into secured and unsecured and the unsecured claim can be avoided. The rental income the debtor will receive from renting a portion of his land will, according to the terms of the Plan, be paid to SBB&T in the form of the first and second deed of trust payments and therefore the bank's interest in the cash collateral is protected.

Therefore, the objection of Santa Barbara Bank & Trust should be denied.

1
2
3  Dated: December 11, 2009

STEVEN TROLARD & ASSOCIATES,
A Professional Law Corporation

By: /s/ Steven Trolard
Steven Trolard, attorney for the debtor, Juan
Diaz Ortiz, d/b/a J.D.O. Nursery

| In re: Juan Diaz Ortiz | CHAPTER 12 |
|---|---|
| Debtor(s). | CASE NUMBER 9:09-bk-11458-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 E. Thousand Oaks Blvd. Ste 188
Thousand Oaks, CA 91360

A true and correct copy of the foregoing document described REBUTTAL TO OBJECTION TO DEBTOR'S FOURTH AMENDED CHAPTER 12 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/12/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Elizabeth Rojas, Chapter 12 Trustee  cacb_ecf_nd@ch13wla.com
US Trustee       ustpregion16.nd.ecf@usdoj.gov
Susan L. Vaage, on behalf of Pacific Capital Bancorp  savage@grahamvaagelaw.com
Manuel Ortiz, on behalf of Pacific Capital Bancorp  mortiz@grahamvaagelaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 12/12/09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon. Robin Riblet, Judge
US Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/12/09 | Jubilee Tristani | *(signed)* Jubilee Tristani |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1