STEVEN TROLARD    Bar No. 192588
STEVEN TROLARD & ASSOCIATES
A Professional Law Corporation
100 East Thousand Oaks Blvd., Suite 188
Thousand Oaks, Ca 91360
Phone: 805-495-8199
Fax: 805-495-8299
e-mail No.: steven@trolard.com

Attorney for Debtor, JUAN DIAZ ORTIZ

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 12 |
| | ) |
| JUAN DIAZ ORTIZ, | ) Case No.: 9:09-bk-11458-RR |
| | ) |
| Debtor, | ) **REBUTTAL TO OBJECTION TO** |
| | ) **DEBTOR'S MOTION TO USE CASH** |
| | ) **COLLATERAL** |
| | ) |
| | ) Confirmation Hearing: December 17, 2009 |
| | ) Time: 10:00 a.m. |
| | ) Courtroom: 201 |
| | ) |
| | ) |
| | ) |

REBUTTAL BY DEBTOR, JUAN DIAZ ORTIZ, TO OBJECTION OF CREDITOR, SANTA BARBARA BANK & TRUST, TO MOTION TO USE CASH COLLATERAL

TO THE HONORABLE, Robin Riblet, Judge:

The Creditor, Santa Barbara Bank & Trust, objects to the motion to use cash collateral on two grounds:

1. The debtor improperly seeks to render the Third Deed of Trust while attempting collecting rents on the property that is secured by the Third Trust Deed; and

1

2. Debtor has not provided a signed lease nor provided proof of payment of the alleged lease which was to begin on October 15, 2009.

### REBUTTAL

#### 1. CASH COLLATERAL

**On November 22, 2009, the debtor filed a motion for authorization to use the cash collateral and is seeking the Court's authorization to use the cash collateral. A copy of the proposed lease agreement was attached to the Motion as Exhibit 1.**

The debtor has filed an adversary complaint to avoid the third deed of trust. A motion to amend the complaint has been filed, and the proposed amended complaint seeks to avoid the unsecured portion of the second deed of trust as well as the entire third deed of trust.

The legal authority for avoiding the third deed, and bifurcating the second into secured and unsecured, is the case *In re Harmon v. U.S. Through Farmers Home Administration*, 101 F.3d 574 (C.A. 8 (S.D.), 1996). In *Harmon* the Court stated the case presented a question of first impression in the Courts of Appeals: whether Chapter 12 Bankruptcy Code permits a debtor to "strip down" an undersecured creditor's lien to the value of the collateral. The Court held that it does and accordingly affirmed the judgment of the District Court. The Court stated that the plan may "modify the rights of holders of secured claims, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." The Court concluded that "allowed secured claim" in §1225(a)(5) must be interpreted by reference to the bifurcation of claims into secured claims and unsecured claims by §506(a). The creditor must retain the pre-bankruptcy lien only insofar as it secures repayment of the secured claim and not insofar as it secured the portion of the debt that has become, by operation of §506(a), un unsecured claim.

By using the cash collateral to tender back to Santa Barbara Bank & Trust in the form of mortgage payments on the first and second deeds of trust actually protects the bank's interest in the cash collateral.

The bank has not cited any authority that would prevent the debtor from leasing a portion of his land and using the rental income to make the monthly mortgage payments to the bank on the first and secured portion of the second deeds of trust.

11 U.S.C. §363(c)(4) requires court approval before the debtor can use any of the cash collateral; and 11 U.S.C. §363(e) requires the condition that the use of the cash collateral will result in adequate protection of SBB&T's interest in the cash collateral.

Here, the debtor has submitted a proposed lease agreement and seeks prior court approval before signing the document. The banks interest in the rental income is protected because the rental income will be used to make the monthly mortgage payment on the first deed of trust and the secured portion of the second deed of trust.

## IN CONCLUSION

11 U.S.C. §1222 grants the debtor the right to modify the rights of secured and unsecured creditors. In addition, the bank has adequate protection as it will receive the monthly income in for form of monthly payments towards the first deed of trust and the secured portion of the second deed of trust. The third deed of trust will be moot as it is wholly unsecured and should be avoided pursuant to case law.

A copy of the proposed lease agreement is attached to the motion as Exhibit 1, and out of an abundance of precaution the debtor has not signed the agreement pending the outcome of the hearing on the motion for authority to use the cash collateral.

Therefore, the objection of Santa Barbara Bank & Trust should be denied.

Dated: December 11, 2009

STEVEN TROLARD & ASSOCIATES,
A Professional Law Corporation

By: /s/ Steven Trolard

Steven Trolard, attorney for the debtor, Juan Diaz Ortiz, d/b/a J.D.O. Nursery

| In re: Juan Diaz Ortiz | CHAPTER 12 |
|---|---|
| Debtor(s). | CASE NUMBER 9:09-bk-11458-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
100 E. Thousand Oaks Blvd. Ste 188
Thousand Oaks, CA 91360

A true and correct copy of the foregoing document described REBUTTAL TO OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/12/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Elizabeth Rojas, Chapter 12 Trustee   cacb_ecf_nd@ch13wla.com
US Trustee         ustpregion16.nd.ecf@usdoj.gov
Susan L. Vaage, on behalf of Pacific Capital Bancorp  savage@grahamvaagelaw.com
Manuel Ortiz, on behalf of Pacific Capital Bancorp  mortiz@grahamvaagelaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 12/12/09 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robin Riblet, Judge
US Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/12/09 | Jubilee Tristani | *(signed)* Jubilee Tristani |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                         F 9013-3.1